# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

NO. 2021 KW 0814

VERSUS

ANTONIO GIBSON

**OCTOBER 18, 2021**

---

In Re:    State of Louisiana, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. DC-20-04784.

---

**BEFORE:    LANIER, WOLFE, AND BURRIS,[1] JJ.**

**WRIT GRANTED.** The officer, upon effecting the traffic stop, had the authority to open the defendant's door, as well as order the defendant out of the vehicle, particularly in light of the reasonable suspicion obtained by the lack of any identifying paperwork or information about the vehicle the defendant was driving. See **State v. Cure,** 2011-2238 (La. 7/2/12), 93 So.3d 1268 (per curiam), cert. denied, 568 U.S. 988, 133 S.Ct. 549, 184 L.Ed.2d 357 (2012). Upon learning that the defendant did not have insurance or a driver's license, the officer had the authority to arrest the defendant and have the vehicle towed. See **State v. Sherman,** 2005-0779 (La. 4/4/06), 931 So.2d 286, 291. Accordingly, pursuant to the plain view doctrine, the officer lawfully seized the gun. See **Horton v. California,** 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). The methamphetamine in the defendant's bag was seized pursuant to a valid search incident to arrest. See **Rawlings v. Kentucky,** 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633 (1980). See also **State v. Surtain,** 2009-1835 (La. 3/16/10), 31 So.3d 1037, 1044-47. The trial court's ruling is reversed, and the matter is remanded for further proceedings.

**WIL**
**EW**
**WJB**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.